```
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------X
In re:

BARBARA ANN KUHL,                          MEMORANDUM AND ORDER
                                           05-CV-0254 (JS)(ETB)
                                           05-CV-0255 (JS)(ETB)
                 Debtors.
------------------------------X
BARBARA KUHL,

           Plaintiff,

       -against-

UNITED STATES OF AMERICA,

           Defendant.
------------------------------X
APPEARANCES:
For Plaintiff:     Jeffrey Herzberg, Esq.
                   Zinker & Herzberg, LLP
                   278 Main Street, Suite C
                   P.O. Box 866
                   Smithtown, New York 11787

For Defendant:     Vincent Lipari, Esq.
                   Assistant U.S. Attorney
                   Eastern District of New York
                   610 Federal Plaza, 5th Floor
                   Central Islip, New York 11722
```

SEYBERT, District Judge:

Pending before this Court is an appeal arising from a bankruptcy action filed in the United States Bankruptcy Court for the Eastern District of New York by Barbara Ann Kuhl ("Plaintiff" or "Appellant"). Plaintiff appeals from an Order of the Honorable Stan Bernstein, U.S.B.J., dated September 20, 2004, which granted Plaintiff's motion to discharge her 1991 tax obligations, but

denied Plaintiff's motion for sanctions. For the reasons set forth below, the Bankruptcy Court's decision is AFFIRMED.

BACKGROUND

From 1981 to 1990, Plaintiff and her husband, Paul Kuhl, filed joint income tax returns. Pl.'s Cross Appeal Br. at 4. Plaintiff and her husband separated in 1992. Pl.'s Cross Appeal Br. at 3; Def.'s Mem. of Law in Opp'n at 2.

On March 24, 1993, Plaintiff filed a joint 1991 income tax return on which she signed both her own name and her husband's name. Pl.'s Cross Appeal Br. at 4; Def.'s Mem. of Law in Opp'n at 2. Shortly thereafter, Plaintiff's husband contacted the Internal Revenue Service ("IRS" or "Defendant") and indicated he did not authorize Plaintiff to file the 1991 joint return or to sign his name. Pl.'s Cross Appeal Br. at 4; Def.'s Mem. of Law in Opp'n at 3. In March 1994, Plaintiff's husband filed an individual return for the 1991 tax year. Pl.'s Cross Appeal Br. at 4.; Def.'s Mem. of Law in Opp'n at 3-4.

On April 1, 1994, a substitute return was filed and showed that Plaintiff's 1991 tax obligation was $25,390.87. Def.'s Mem. of Law in Opp'n at 4. The IRS sent a letter of deficiency to Plaintiff on September 14, 1994. Pl.'s Cross Appeal Br. at 4; Def.'s Mem. of Law in Opp'n at 4.

On February 10, 2000, Plaintiff filed a petition for

relief under Chapter 7 of the Bankruptcy Code. Pl.'s Cross Appeal Br. at 3; Def.'s Mem. of Law in Opp'n at 2. On May 22, 2000, an order of discharge ("May Order") was issued by the Bankruptcy Court and that proceeding was closed. Pl.'s Cross Appeal Br. at 4; Def.'s Mem. of Law in Opp'n at 2.

In 2003, the IRS sought to restrain Plaintiff's salary for tax obligations due for the 1991, 1992, 1994, 1997, and 1998 tax years. Pl.'s Cross Appeal Br. at 4; Def.'s Mem. of Law in Opp'n at 2. The bankruptcy case was reopened and a wage stay was executed. Pl.'s Cross Appeal Br. at 4; Def.'s Mem. of Law in Opp'n at 2.

In July 2004, the Bankruptcy Court conducted an evidentiary hearing at which the only issue was whether Plaintiff's 1991 tax obligation was discharged by the May Order. Pl.'s Cross Appeal Br. at 5; Def.'s Mem. of Law in Opp'n at 2. Plaintiff also filed a motion seeking sanctions, including attorneys' fees and expenses for the IRS's violation of the May Order. Pl.'s Cross Appeal Br. at 5; Def.'s Mem. of Law in Opp'n at 6.

On September 20, 2004, the Bankruptcy Court discharged Plaintiff's 1991 tax obligations. Pl.'s Cross Appeal Br. at 5; Def.'s Mem. of Law in Opp'n at 5. The Bankruptcy Court found that Plaintiff's husband had tacitly consented to the filing of the 1991 joint income tax return. The Bankruptcy Court also found that the

3

exceptions to discharge under 11 U.S.C. § 523(a)(1)(B) did not apply to Plaintiff's tax return.

The Bankruptcy Court denied Plaintiff's motion for sanction by orders dated November 10, 2004 and December 7, 2004. Thereafter, Plaintiff and IRS both appealed the decisions of the Bankruptcy Court. The IRS has since withdrawn its appeal. Currently pending is Plaintiff's appeal of the Bankruptcy Court's decisions.

## DISCUSSION

### I. Standard of Review

"When reviewing a decision made by the Bankruptcy Court, the district court applies the de novo standard of review for questions of law and the 'clearly erroneous' standard of review for questions of fact." In re Nemko, Inc., 202 B.R. 673, 677 (E.D.N.Y. 1996). "Whether the bankruptcy court has jurisdiction to award damages is a question of law, and therefore, reviewed de novo." In re Bulson, 117 B.R. 537, 539 (9th Cir. BAP 1990).

### II. The May 22, 2000 Discharge Order

Defendant contends sanctions cannot be imposed since there was no judicial determination that the May Order discharged Plaintiff's 1991 tax obligation until the Bankruptcy Court's determination on September 20, 2004. For the reasons set forth below, this Court disagrees.

4

A discharge in bankruptcy "operates as an injunction against the commencement or continuation of an action, the employment of process, or an act, to collect, recover, or offset any [debt discharged] as personal liability for the debtor, whether or not discharge of such debt is waived." 11 U.S.C. § 524(a)(2). An adversary proceeding filed after a discharge to litigate whether or not certain debt was covered by the discharge only "resolves whether a particular debt was within the original scope of the discharge." Burke v. United States of America, No. 95-11042, 1995 U.S. Tax Ct. LEXIS 68, at *6 (U.S. Tax Ct. November 17, 1995); See In re Crul, 101 B.R. 60, 62 (Bankr. W.D. Ark. 1989)("The scope of a debtor's discharge is determined as of the date the discharge is entered"); In re Anderson, 72 B.R. 495, 497 (Bankr. D. Minn. 1987)("[R]elief that would be granted to a debtor would not be an order that discharged the debt in question since that debt would already have been discharged"). "[T]he creditor bears the burden of proving by a preponderance of the evidence that the claim should be exempted from discharge." Langlois v. United States, 155 B.R. 818, 820 (N.D.N.Y. 1993).

Here, the Bankruptcy Court's discharge of Plaintiff's 1991 tax obligations meant the tax was within the scope of the May Order. Therefore, Defendant's attempted collections of Plaintiff's tax obligations violated the May Order, and can be subject to

5

sanction.[1]  See Burke, 1995 U.S. Tax Ct. LEXIS 68 at *7 (U.S. Tax Ct. 1995).

III. Sanctions

Plaintiff asserts that the Court should issue sanctions against Defendant for violating the May Order.  Plaintiff avers Defendant willfully violated the discharge injunction by attempting to collect Plaintiff's 1991 tax obligation after the May Order was issued.  The Court disagrees.

"There are two mechanisms for punishing a violation of [a] stay: as contempt of court and under 11 U.S.C. § 362(h)."  In re Pulver-Thomas, No. 04-CV-10835, 2005 WL 1595727, at *1 (Bankr. D. Vt. July 1, 2005).  Both civil contempt and Section 362(h) are appropriate when there is a willful violation of a stay.  Id. Willful violations of a stay require a "deliberate act done with the knowledge that the act is in violation of the automatic stay [or discharge order]."  In re Solis, 137 B.R. 121, 132 (Bankr. S.D.N.Y. 1992); see also In re Payne, 306 B.R. 230, 238 (Bankr. N.D. Ill. 2004).

In the instant case, Defendant lacked the knowledge, and

---

[1]  The Court notes Defendant's attempt to invoke the exceptions highlighted in 11 U.S.C. 523(a)(1)(B)(i), which excepts tax liability from discharge that "was not filed."  However, the Bankruptcy Court determined the return was filed.  Defendant has not appealed that determination of the Bankruptcy Court.  On the contrary, Defendant has withdrawn its appeal.

6

the willfulness, that its actions were in violation of the May Order. Defendant acted with the erroneous belief that Plaintiff's tax obligations were non-dischargeable under 11 U.S.C. 523(a)(1)(B)(i).[2] Plaintiff failed to demonstrate that Defendant knew or should have known that the 1991 tax obligations were discharged. Therefore, the Court cannot say Defendant knowingly violated the May Order.

The Court differentiates this case from those that recognize actions based on erroneous beliefs as willful. See In re Bulson, 117 B.R. at 539 (holding a collection notice sent by the IRS with the mistaken belief that the stay had been lifted was willful); see also In re Price, 103 B.R. 989, 992 (Bankr. N.D. Ill. 1989)(holding the issuance of an IRS collection notice was willful, although it was a result of a computer error). Those cases stand for the proposition that an error that could have been eliminated with exercise of reasonable prudence will be deemed willful. Here, Defendant would have violated the May Order even with the exercise of reasonable prudence since Defendant legitimately believed Plaintiff's tax obligation was non-dischargeable under 11 U.S.C.

---

[2] 11 U.S.C. 523(a)(1)(B)(i) excepts any tax liability from discharge that "was not filed." Defendant believed that since Plaintiff's joint return was inappropriately signed, Plaintiff's tax return had not been filed.

523(a)(1)(B)(i).[3]  Further, Plaintiff admits that Defendant <u>could</u> have moved to reopen the bankruptcy case to determine whether the 1991 tax liability was discharged.  Plaintiff does not, however, assert Defendant was under a duty to reopen the Bankruptcy Case.

Accordingly, since Defendant's actions were not willful, there is no basis for the Court to impose sanctions against the Defendant.  Therefore, the Court finds it unnecessary to address Plaintiff's remaining arguments.

## CONCLUSION

For the reasons set forth herein, the Bankruptcy Court's determination is AFFIRMED.


SO ORDERED

/s/ JOANNA SEYBERT
Joanna Seybert, U.S.D.J.

Dated:   Central Islip, New York
         August <u>16</u>, 2005

---

[3]   The Court notes Plaintiff's argument that 26 U.S.C. § 7430 is applicable.  Section 7430 requires the Defendant's actions be substantially unjustified.  <u>In re Graham</u>, 981 F.2d 1135, 1139 (10th Cir. 1992).  Since Defendant legitimately believed Plaintiff's tax obligation was non-dischargeable under 11 U.S.C. 523(a)(1)(B)(i), the Defendant's actions were not substantially unjustifiable and Section 7430 does not apply.